**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE**

**CASE NO.:**

JONPAUL MARCEL NADEAU,

                Plaintiff,

v.

SUZAN H. BARROS, LLC,

                Defendant.

## PLAINTIFF'S MOTION TO STRIKE DOCKET ENTRY 6 MOTION TO QUASH SERVICE OF PROCESS AND TO STRIKE RETURN OF SERVICE

Plaintiff JONPAUL MARCEL NADEAU by and through his undersigned counsel, hereby moves this Honorable Court to Strike Docket Entry 6, Defendant's Motion to Quash Service of Process and to Strike Return of Service, and as grounds therefore states as follows:

1. Nadeau filed his Complaint on October 20, 2025. (ECF 1).

2. Defendant Suzan H. Barros, LLC was served on October 21, 2025. (ECF 5).

3. On November 11, 2025, Ms. Barros appeared pro se to contest the sufficiency of service, and filed a motion to quash service.

4. In her motion, Ms. Barros admits that papers were served on Daniel B. Blanco, who was present at 6314 Longboat Lane W, Suite 101-A, Boca Raton, FL 33433, which is Defendant's principal place of business and the address designated as the office for the registered agent.

5. The motion to quash and strike return of service should be stricken. Defendant is a Limited Liability Company and as such, is required to be represented by counsel and

cannot be represented pro se by a corporate representative. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel"); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel.")*;* *Morancy v. Regan Hosp. LLC*, No. 24-24663-CIV-WILLIAMS/GOODMAN, 2025 LX 180118, at *2-3 (S.D. Fla. Apr. 10, 2025)("an attorney must enter an appearance on behalf of Regan Hospitality LLC because limited liability companies must be represented by counsel and cannot appear pro se.").

6. Furthermore, service on Daniel B. Blanco is sufficient under Florida Statute 48.091(4)(b), which states in relevant part: "A person attempting to serve process at the registered office designated pursuant to subsection (2) on a registered agent who is a natural person, if such natural person is not present at the designated registered office at the time of service, may serve the process, including during the first attempt at service, on any employee of such natural person who is present at the designated registered office at the time of service."

7. Daniel B. Blanco's affidavit confirms that he was present at the office of the registered agent and answered a knock at the door during business hours. (ECF 6 at page 5).

WHEREFORE, Plaintiff JONPAUL MARCEL NADEAU requests that this Court strike the Motion to Quash Service of Process and to Strike Return of Service filed at ECF 6 and find that service on Defendant is proper and effectuated.

Dated: November 12, 2025            Respectfully submitted,

*/s/ Rachel I. Kaminetzky*
RACHEL I. KAMINETZKY
Florida Bar Number: 1059614
rachel.kaminetzky@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
646.517.3609 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff JonPaul Marcel Nadeau*