UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-62113-CIV-DAMIAN

JONPAUL MARCEL NADEAU,

    Plaintiff,

v.

SUZAN H. BARROS, LLC,

    Defendant.
_____/

**ORDER ON EMERGENCY MOTION FOE LEAVE TO FILE
RENEWED MOTION TO QUASH SERVICE OF PROCESS [ECF NO. 9]**

**THIS CAUSE** is before the Court upon Defendant, Suzan H. Barros, LLC's ("Defendant"), Emergency Motion for Leave to File Renewed Motion to Quash Service of Process and to Strike Return of Service [ECF No. 9 ("Motion")], filed on November 17, 2025 by non-lawyer Suzan H. Barros, as Managing Member of Defendant.

THE COURT has reviewed the Motion and the pertinent portions of the record and is otherwise fully advised.

On November 13, 2025, this Court issed an Order denying without prejudice Defendant's Motion to Quash Service and directing Defendant to retain counsel by December 15, 2025. *See* ECF No. 8. As explained in the Court's November 13th Order, Suzan H. Barros, LLC is an artificial entity that is not permitted to appear *pro se*, and, therefore, it must be always represented by licensed counsel. *See e.g.*, *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that . . . an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."). This rule applies even where the person seeking to represent the corporation is its president and major stockholder — or, as here, in the case of an LLC, its managing member. *Id.* No representation

has been made that Suzan H. Barros is an attorney serving as Defendant's counsel who may appear before the Court.

In the Motion now before the Court, Defendant's representative acknowledges that the Court struck the originally filed Motion to Quash "without prejudice for technical deficiencies." The Motion to Quash was denied without prejudice because the Court did not address the merits of the Motion but, instead, denied it because Defendant, as an artificial entity, must always be represented by counsel and is not permitted to appear *pro se* or through a managing member.

Again, Defendant may not appear or file documents in this case without doing so through an attorney. Defendant is admonished that failure to comply with the requirements of the Court's November 13th Order (*i.e.*, retain counsel by December 15, 2025) may result in a **default** being entered against Defendant without further notice. This rule does not prevent Defendant from communicating directly with Plaintiff's counsel in an effort to resolve Plaintiff's claims outside of Court.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Emergency Motion [**ECF No. 9**] is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Notice of Filing Exhibits to Defendant's Renewed Motion to Quash Service of Process [ECF No. 11] is **STRICKEN**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 17th day of November, 2025.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**